N. SODERBERG, Appellant, v. WILLIAM PIERCE, Respondent.

St. Louis Court of Appeals, November 27, 1888.

1. Practice, Trial: CONTINUANCE. In an injunction proceeding, an application for a continuance of the cause is properly denied, if it complies only with the provisions of section 2718, Revised Statutes, whose application is to the continuance of a motion for dissolution of the injunction. The motion for a continuance of the cause must conform to section 3595, which contains additional requirements.

2. **Practice, Appellate:** EQUITY. Where it clearly appears from the record in an equity proceeding that material evidence adduced at the trial is not included in the bill of exceptions, an appellate court cannot disturb the judgment on the merits of the cause.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*John C. Moore*, for the appellant.

The court erred in overruling plaintiff's application for continuance. It was in substantial compliance with section 2718, chapter 40, Revised Statutes, 1879.

*Smoot & Pettingill*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action for an injunction to restrain trespass and waste. The suit was commenced at the February term, 1887, and a temporary injunction was granted at that term. At the August term, 1887, the defendant filed his answer, which, after a general denial, made the following allegations: "And, further answering, defendant says, that the property in controversy is now, and for a long time and prior to the commencement of this suit has been continuously, the property of Emily Pierce, who has been the owner and in possession of the same for the past seven years, claiming the same as her own; and that this defendant, as her agent, was, at the time of the institution of this suit, in the exclusive possession of the land described in plaintiff's petition, and is now in possession of the same." Then followed a denial of the plaintiff's title and right of possession, and a prayer for the dissolution of the injunction. This answer was filed on the first day of the term. On the ninth day of the term, and after a motion had been made to dissolve the injunction,

the plaintiff filed the following affidavit of his attorney :
" John C. Moore, being duly sworn, states that the
words in the defendant's amended answer, beginning
with the word 'and' on the eighth ruled line of the
first page, and ending with the word 'same' on the
twenty-fifth ruled line of said page, are untrue and
material to this cause ; that such answer was wholly
unexpected and is a complete surprise to plaintiff ; that
plaintiff has witnesses whose testimony he believes he
can procure at the next term which will disprove the
same ; that one of the said witnesses is T. F. Hokes, of
Bodie, Cal.; one is Rufus Magee, resident minister of
the United States at Stockholm, in the kingdom of Nor-
way and Sweden ; one is the Swedish consul at Seattle,
W. T.; and one is plaintiff's grantor, now in Nevada ;
that he has not been able to procure such testimony by
using due diligence, for the reason that he was not
aware, until this term of court, that the defendant
would set up such untrue matter in defense, and that it
was and is impossible to obtain such testimony in time
for this trial.   He therefore asks that this cause be con-
tinued until the next term of this court, when affiant
believes he can procure such testimony."   This motion
was on the same day overruled, and defendant excepted.
A hearing was afterwards had at the same term, which
resulted in a decree dissolving the injunction and dis-
missing the bill, and this was followed by an assessment
of damages on the injunction bond.

The plaintiff, appealing to this court, assigns for
error, among other things, the overruling of his motion
for a continuance.   The affidavit seems to have been
drawn to bring the case within the provisions of the fol-
lowing section of the Revised Statutes, which is found
in the chapter relating to injunctions : " If, after a
motion for a dissolution of the injunction is made, either
party will satisfy the court, by his own affidavit, or
that of any other person for him, that any material

Soderberg v. Pierce.

specified part of the bill or answer to which he objects is untrue, that he has witnesses whose testimony he believes he can procure at the next term, or other mate- rial testimony which will disprove the same, and that he has not been able to procure such testimony by using due diligence, the court may continue the motion until the next term." R. S., sec. 2718. The motion here spoken of which the court may continue till the next term is the motion to dissolve the injunction; but the motion which the plaintiff made in the case before us, and which was embodied in the affidavit of his attorney, Mr. Moore, was a motion to continue the cause. It was, therefore, not strictly within the terms of this provision of the Revised Statutes, but its sufficiency must be tested by the provisions of section 3595, Revised Statutes. This section provides, among other things, that "applications for a continuance, on account of the absence of witnesses or their evidence, shall state facts which show: * * * that he knows of no other person whose evidence or attendance he could have procured at that term, by whom he can prove or so fully prove the same facts; fourth, that such witness is not absent by the connivance, consent or procurement of the applicant, and such application is not made for vexation or delay, but in good faith for the purpose of obtaining a fair and impartial trial." The application in the present case was therefore insufficient; and it is not necessary to argue the proposition that a trial court cannot be put in the wrong, for refusing an application for a continuance of the cause, based upon an affidavit which does not comply with the governing statute.

Upon the merits, the judgment of the circuit court must also be affirmed. Laying other questions out of view, it is enough to say that this is an appeal in a suit in equity, in which the appellate court reëxamines the facts as well as the law. In order to perform the office of reëxamining the facts, the appellate court must have

before it all the evidence which was presented to the judge of the trial court. The record affirmatively shows ·that it does not contain all the evidence. Deeds were offered and admitted in evidence which are not embodied in the bill of exceptions before us, and we do not feel authorized to enter into surmises as to their purport. In such a state of the record in a case in equity, the appellate court must presume that the judgment of the trial court was right.

The judgment is accordingly affirmed. All the judges concur.