N. P. LADD, Respondent, v. JERRY CULBERTSON,
Appellant.

Kansas City Court of Appeals, June 6, 1910.

PRACTICE: Continuance: Affidavit. An affidavit for continuance
which fails to state the statutory requirements that the appli-
cation is not made for vexation or delay, but in good faith, for
the purpose of obtaining a fair trial, is not sufficient, and a re-
fusal to grant a continuance is not error.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park*, Judge.

AFFIRMED.

*L. N. Dempsey* and *Chas. W. Sloan* for appellant.

The court erred in refusing defendant's application
.for a continuance, the same showing full compliance
with terms of the statutes, section 685, Revised Statutes
1899. McClane v. Harris, 1 Mo. 700; Moore et al. v.
McCullough, 6 Mo. 448; Dorne v. Broad Water, 9 Mo.
19; Truststall v. Hamilton, 8 Mo. 501; Barnum v. Ad-
ams, 31 Mo. 532; Alt. v. Grosclose, 61 Mo. App. 409;
Nichols v. Grocer Co., 66 Mo. App. 321; State v. Mad-
dox, 117 Mo. 683; State v. Maguire, 69 Mo. 204.

*Halbert H. McCluer* for respondent.

Appellant's application for a continuance was
properly overruled. Riggs v. Fenton, 3 Mo. 28; Scogin
v. Hudspeth, 3 Mo. 123; Blair v. Railroad, 89 Mo. 395;
R. S. 1899, sec. 685; Frederick v. Rice, 46 Mo. 24; Bar-
tholow v. Campbell, 56 Mo. 117; Cooley v. Railroad,
149 Mo. 487.

ELLISON, J.—This action was instituted to re-
cover judgment on two promissory notes. The judg-
ment in the circuit court was for the plaintiff.

Defendant made written application for a continuance on the ground of the absence of witnesses. It was overruled, and for the alleged error in that ruling this appeal is prosecuted. Among other things required by the statute (sec. 685, R. S. 1899) to be stated when a continuance is desired, is that "such application is not made for vexation or delay, but in good faith for the purpose of obtaining a fair and impartial trial." This important statement is wholly omitted from the application and the continuance was therefore properly refused. [Soderberg v. Pierce, 33 Mo. App. 60.]

The judgment is affirmed. All concur.